
DA 10-0298

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 101N

IN THE MATTER OF:

D.C.N.,

A Youth Under the Age of 18.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DJ 09-23/31
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Joslyn Hunt, Chief Appellate Defender, Lisa S. Korchinski, Assistant
Appellate Defender, Helena, Montana

For Appellee:

Steve Bullock, Montana Attorney General, Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  April 13, 2011

Decided:  May 10, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 D.C.N. was 13 years old in June 2009 when his 4-year-old half-sister, M.H., told their grandmother that D.C.N. had been touching her sexually. D.C.N. was interviewed and admitted to sexual contact with M.H. on four occasions between June 1 and July 31, 2009.

¶3 In November 2009, a psychosexual evaluation was performed and the following relevant conclusions were presented: D.C.N. had a moderate to high risk to re-offend but with intensive therapy this risk could be expected to be reduced to moderately low at some time in the future; there was no forensic or clinical support for requiring D.C.N. to register on the Adult Violent and Sex Offender Registry; and D.C.N. could safely reside in a home environment without young children. Additionally, during the evaluation, D.C.N. revealed that he had been sexually abused repeatedly by an uncle and an older step-brother since age 6.

¶4 In January 2010, a petition was filed in the Twenty-First Judicial District Court alleging D.C.N. was a delinquent youth and charging him with felony sexual intercourse without consent in violation of § 45-5-503, MCA. Subsequently, by Stipulation, the case was transferred to Youth Court, D.C.N. admitted the allegations in the petition, and the

2

parties recommended D.C.N. be placed on supervised probation until he reached the age of 21. The conditions of his probation included that he register as a sex offender until age 25. The court later modified the disposition order to allow D.C.N. to petition for relief from sexual registration obligations at age 21 if he has had "no violations of [his probation] conditions and if sexual-offender treatment is completed." The court indicated, however, that it would reserve its decision on this issue until such time as D.C.N. filed his petition. In June 2010, the State Appellate Defender Office filed a Notice of Appeal for D.C.N. We affirm.

¶5 A restatement of the issue on appeal is whether the District Court abused its discretion by requiring D.C.N. to register as a sex offender.

¶6 We review a youth court's interpretation and application of the Youth Court Act for correctness. *In re K.J.*, 2010 MT 41, ¶ 13, 355 Mont. 257, 231 P.3d 75. For discretionary youth court rulings, we review for an abuse of discretion. *In the Matter of C.D.H.*, 2009 MT 8, ¶ 21, 349 Mont. 1, 201 P.3d 126.

¶7 Section 41-5-1513(1)(d), MCA, provides:

> If a youth is found to be a delinquent youth, the youth court may enter its judgment making one or more of the following dispositions:
> (d) in the case of a delinquent youth who has been adjudicated for a sexual offense, as defined in 46-23-502, and is required to register as a sexual offender pursuant to Title 46, chapter 23, part 5, exempt the youth from the duty to register if the court finds that:
> (i) the youth has not previously been found to have committed or been adjudicated for a sexual offense, as defined in 46-23-502; and
> (ii) registration is not necessary for protection of the public and that relief from registration is in the public's best interest.

In *State v. Hastings*, 2007 MT 294, ¶ 16, 340 Mont. 1, 171 P.3d 726, we stated this statute "is unambiguous in vesting a youth court with the discretion to impose a SVORA [Sexual and Violent Offender Registration Act] registration requirement in an appropriate case."

¶8   During the disposition hearing, no witnesses were presented but counsel for both parties presented argument. The State maintained that registration in accordance with the Stipulation was appropriate and in the best interest of any community in which D.C.N. resided. D.C.N.'s attorney requested that the court designate D.C.N. as a Level 2 risk to re-offend and that the court exercise its discretion under § 41-5-1513(1)(d), MCA, to exempt him from the duty to register because D.C.N. satisfied both (i) and (ii) of the statute.

¶9   At the conclusion of the attorneys' arguments, the court designated D.C.N. as a Level 2 offender and noted significant findings set forth in the psychosexual evaluation, including the following: evidence of sexual preoccupation, biological parent instability, history of school behavior problems, and a history of anger and impulsivity. The court relied on many of these factors in its decision to require D.C.N. to register with SVORA until age 21 or 25.

¶10   D.C.N. has the opportunity to eliminate the registration obligation at age 21. In the meantime, he must address the many concerns presented by being a victim of sexual abuse and by victimizing another. Under these circumstances, we conclude the court's requirement that D.C.N. register until age 25 (or 21 under the Amended Disposition Order) is a reasonable requirement that was within the court's discretion.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is one of judicial discretion and there clearly was not an abuse of discretion.

¶12 For the foregoing reasons, we affirm the Youth Court's judgment requiring D.C.N. to register under the SVORA.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE